UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL RENDA,**

    **Plaintiff,**

    v.                      **CASE NO.:**_____

**DIALAMERICA MARKETING INC.,**

    **Defendant.**

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, MICHAEL RENDA ("Plaintiff"), through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and sues Defendant, DIALAMERICA MARKETING INC., ("Defendant"), a Delaware for-profit corporation registered and doing business in Orlando, Orange County, Florida, and alleges as follows:

**NATURE OF CLAIMS**

1. This is an action for damages, declaratory judgment, and injunctive relief to redress the deprivation of rights secured by the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq., ("FMLA"), as amended by the Families First Coronavirus Response Act of 2020, 29 U.S.C. § 2601, et seq. ("FFCRA"). This is also a disability discrimination claim and denial of reasonable accommodation claim (Type 1 diabetic with very low immune system) discrimination under the American's with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. as amended ("ADA-AA") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA"). Plaintiff asserts as follows:

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court under 28 U.S.C. § 1331 and 29 U.S.C. §§ 2601, et seq.

3. The venue of this Court over this controversy is proper pursuant to 29 U.S.C. § 1391(b) as Defendant has, or usually keeps an office for transaction of its customary business in Orlando, Orange County, Florida.

## THE PARTIES

4. Plaintiff, at all times material hereto, was a resident of Orlando, Florida.

5. Plaintiff, at all times material hereto, worked at the Defendant's location in Orlando, Orange County, Florida.

6. Plaintiff, at all times material hereto was Defendant's employee as that term is defined under the FMLA, ADA, and FCRA

7. Defendant is a Delaware corporation authorized to do business, authorized to transact business, and authorized to operate a call center outsourcing service venue in Orlando, Orange County, Florida, and at all times material hereto, has been doing business and is an employer with fifty (50) or more employees within a 75-mile radius of Plaintiff's Orlando, Orange County, Florida residence.

8. Defendant, at all times material hereto, was Plaintiff's employer under the ADA-AA, FMLA, and FCRA.

9. Defendant controlled Plaintiff's daily work activities and made decisions

relating to Plaintiff's employment such that Defendant was Plaintiff's employer as defined by the FMLA, ADA-AA, and FCRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Plaintiff has exhausted all administrative prerequisites and conditions precedent (if any) and he has filed this action within the applicable statutes of limitations.

## STATEMENT OF FACTS

11.     Plaintiff began working for Defendant in the Serious XM department on or about March 13, 2019, at its Orlando, Orange County, Florida location.

12.     Plaintiff was then moved to Defendant's Health First department in or about June 6, 2019, at its Orlando, Orange County, Florida location.

13.     Plaintiff is a Type 1 diabetic with a very low immune system.

14.     Type 1 diabetes is an endocrine medical condition that is recognized as a physical disability under the ADA-AA.

15.     Plaintiff was working from home since the middle of April 2020 because of the outbreak of the pandemic.

16.     Plaintiff's immediate supervisor was Leonor Gregz.

17.     On or about May 7, 2020, Plaintiff received a call from Marc Fisher who told Plaintiff that he could no longer work from home and would need to come into the office.

18.     Mr. Fisher also told Plaintiff that he would need to come into the office and train for a new position for the Bank/Unemployment department.

19. Plaintiff informed Mr. Fisher in an email that he was not comfortable coming into the office because of the Coronavirus, that his disability rendered him susceptible and vulnerable to that disease because of a low immune system and asked if there were any options that they could explore.

20. Mr. Fisher replied that if Plaintiff did not come into the office, then Plaintiff could resign his position.

21. By telling Plaintiff that he had to return to the office instead of allowing him to continue working from home, Defendant denied Plaintiff's request for reasonable accommodation under the ADA-AA and FCRA.

22. Plaintiff delayed making a decision for a week or two but ultimately decided to go back into the office so as to not lose his job.

23. On or about June 8, 2020, Plaintiff went back to the office and began his training for Bank/Unemployment department.

24. On or about Wednesday night, June 9, 2020, Plaintiff began to feel unwell.

25. On or about, Thursday, June 10, 2020, Plaintiff began to feel worse.

26. On or about, Friday night, June 11, 2020, Plaintiff had a fever of 104 degrees.

27. On or about, Thursday, June 16, 2020, Plaintiff visited his doctor and found out he had been infected with the Coronavirus.

28. Plaintiff informed Mr. Gregz and Mr. Fisher that he had the Coronavirus and was ill.

29. As a result, Plaintiff missed approximately ten (10) weeks of work because he was ill with the Coronavirus.

30. However, Defendant never paid Plaintiff the weekly benefit afforded to workers diagnosed with COVID-19 as required by the Families First Coronavirus Response Act of 2020, 29 U.S.C. § 2601, et seq. ("FFCRA") amendment to the FMLA.

31. Therefore, Defendant violated both the FFCRA and FMLA by not paying Plaintiff this wage benefit during his quarantine.

32. As a result of Defendant's aforementioned actions and omissions, Plaintiff has suffered substantial injury, harm, and damages.

33. Defendant's actions displayed intentional misconduct and/or gross negligence in that either Defendant had actual knowledge of the wrongfulness of the conduct and the high probability that damage to Plaintiff would result and, despite that knowledge, intentionally pursued a course of conduct resulting in Plaintiff's infection and damages or Defendant's conduct was so reckless and wanting in care that it constitutes a conscious disregard or indifference to the rights of Plaintiff.

34. Plaintiff has retained the law firm of Perez Law, P.A. to represent him in this action and has agreed to pay said law firm a reasonable fee for its services.

**COUNT I**
**UNPAID SICK LEAVE BECAUSE OF COVID-19 IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993, AS AMENDED BY THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT OF 2020, 29 U.S.C. § 2601**

35. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 34 above as if asserted herein.

36. Defendant, by failing to pay Plaintiff at either his regular rate or the applicable minimum wage, whichever is higher, for his FMLA-qualifying absences, unlawfully interfered with, restrained, and denied Plaintiff his substantive rights under the FMLA to which he was entitled and for which he was eligible under 29 U.S.C. § 2601.

37. Under the FFCR, employers who employ 500 or less employees are required to afford its employees two (2) weeks' pay if the employee has contracted COVID-19, tested positive for same, and/or needed to quarantine because of the virus.

38. According to the Department of Labor guidelines, employees taking leave shall be paid either their regular rate or the applicable minimum wage, whichever is higher, up to $511.00 per day and $511.00 in the aggregate (over 2-week period).

39. These leave payments are reimbursable to the employer by the IRS; therefore, Defendant had no legitimate reason for denying this paid leave benefit.

WHEREFORE, Plaintiff respectfully requests that this Court hold Defendant jointly and severally liable and that it awards Plaintiff the following relief:

a) Damages in the form of any pay, wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

b) Pre-judgment interest on the amount cited above calculated at the prevailing rate;

c) An additional amount as liquidated damages equal to the sum of the amount cited above and its interest;

d) Post-judgment interest;

e) Declaratory judgment;

f) Injunctive relief;

g) Front-pay or reinstatement in lieu of front-pay;

h) An award of costs and all reasonable attorney's fees; and

i) All other just, equitable, and proper relief to which Plaintiff and all other similarly situated employees may be entitled.

## COUNT II
## DENIAL OF REASONABLE ACCOMODATION
## VIOLATION OF THE FCRA AND ADA-AA

40. Plaintiff re-alleges and incorporates the allegations set forth in the Paragraphs of this Complaint numbered 1 through 34 above as if fully set forth herein.

41. Plaintiff suffered from a disability which compromised his immune system (i.e., Type 1 diabetes).

42. Covid-19 is a contagious disease under the ADA-AA and FCRA which significantly impacts persons suffering from ill health such as Plaintiff.

43. Plaintiff was working remotely during the COVID-19 pandemic and then, was instructed to come back to the office to work from the office.

44. Therefore, working remotely was a reasonable accommodation that Defendant afforded Plaintiff and that accommodation did not impose an undue hardship on Defendant.

45. Plaintiff was exposed to Covid-19 soon after he returned, and he contracted this disease even though he requested a reasonable accommodation to continue to work from home during the outbreak of the virus.

46. Plaintiff became gravely ill, and he missed work without pay because of Defendant's refusal to accommodate Plaintiff.

47. Defendant's actions resulted in Plaintiff's unpaid constructive suspension for a period of approximately ten (10) weeks.

48. Plaintiff suffers from Type 1 diabetes and, thus, has a low immune system.

49. Defendant unlawfully denied Plaintiff's requests for a reasonable accommodation.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which he may be entitled, including, without limitation:

    A.    Declaratory judgment;

    B.    Injunctive relief;

    C.    Back pay and the value of all lost benefits plus interest;

    D.    Front pay or reinstatement;

    E.    Both pecuniary and non-pecuniary compensatory damages for pain, suffering, stress, anxiety, mental anguish, embarrassment, and loss of dignity;

  F. Punitive damages;

  G. Reasonable attorneys fees and costs of this action; and

  H. All other relief under the law that is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on and for all issues so triable.

            */s/Daniel A. Perez*
            DANIEL A. PEREZ, Esq.
            Florida Bar No.: 426903
            Pérez Law, P.A.
            105 E. Robinson Street, Suite 530
            Orlando, Florida 32801
            Tel: 407. 815.2250
            F: 407.815.2257
            dan@perezlawpa.com
            brene@perezlawpa.com
            Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been filed electronically through the CM-ECF system which will serve a copy upon Defendant on this ____th day of December, 2021.

            */s/Daniel A. Perez*
            DANIEL A. PEREZ, Esq.
            Florida Bar No.: 426903
            Pérez Law, P.A.
            105 E. Robinson Street, Suite 530
            Orlando, Florida 32801
            Tel: 407. 815.2250

                F: 407.815.2257
                dan@perezlawpa.com
                brene@perezlawpa.com
                Attorney for Plaintiff